Lynda T. Bui - Bar No. 201002
Melissa Davis Lowe - Bar No. 245521
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:   (949) 340-3000
Email:       LBui@shulmanbastian.com
             MLowe@shulmanbastian.com

Attorneys for John P. Pringle,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-15040-DS |
| **MAUREEN OJOSE**, | Chapter 7 |
| Debtor. | Adv. No. |
| **JOHN P. PRINGLE, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Maureen Ojose,** | **COMPLAINT FOR:** |
| Plaintiff, | 1. **AVOIDANCE AND RECOVERY INTENTIONAL FRAUDULENT TRANSFER;** |
| vs. | 2. **AVOIDANCE AND RECOVERY CONSTRUCTIVE FRAUDULENT TRANSFER;** |
| **KESSIENA KEVIN OJOSE, an individual,** | 3. **DISALLOWANCE OF CLAIM; AND** |
| Defendant. | 4. **UNJUST ENRICHMENT** |

John P. Pringle, solely in his capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Maureen Ojose ("Debtor") hereby brings this Complaint and respectfully complains and alleges as follows:

## I.   STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

2. This adversary proceeding arises out of and is related to Debtor's bankruptcy case, which was commenced through the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code by Debtor on August 7, 2023 ("Petition Date") in the United States Bankruptcy Court, Central District of California, Los Angeles Division.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt of less than $22,700.00.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

5. To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## II.   PARTIES

6. Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee for the Debtor's Estate.

7. Plaintiff is informed and believes and thereon alleges that the Defendant, Kessiena Kevin Ojose ("Defendant"), is an individual residing in the County of Los Angeles, State of California. Plaintiff is further informed and believes and thereon alleges that Defendant is the Debtor's son.

///

### III. GENERAL ALLEGATIONS

8. On August 7, 2023, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Debtor disclosed on her Schedule I that she is a nurse practitioner. According to the California Department of Real Estate, the Debtor is also a licensed real estate agent.

9. John P. Pringle is the duly appointed, qualified and acting Chapter 7 trustee in the Debtor's bankruptcy case.

10. Plaintiff is informed and believes and thereon alleges that on or about October 17, 2022, the Debtor purchased the real property located at 7309 Van Kirk Avenue, Cincinnati, Ohio 45216 ("Property") .

11. Plaintiff is informed and believes and thereon alleges that the Debtor took money out of her 401(k) to purchase the Property as an investment property.

12. Plaintiff is informed and believes and thereon alleges that the Property is a duplex and the Debtor rents out both units.

13. The Debtor's Bankruptcy Schedules A/B listed the value of the property as $166,000.00.

14. Plaintiff is informed and believes and thereon alleges that on December 28, 2022, the Debtor transferred her interest in the Property to her son pursuant to a General Warranty Deed recorded on December 28, 2022 (the "Deed") in the Hamilton County Recorder's Office as Document No. 2022-0116415 (the "Transfer") for no consideration. The Debtor has testified that she made the Transfer to her son as a gift for "being a good child and staying out of trouble." According to the Deed, title is now held as "Kessiena Kevin Ojose, his successors, heirs and assigns." A true and correct copy of the Deed is attached hereto as **Exhibit 1**.

15. Plaintiff is informed and believes and thereon alleges that the Debtor and Defendant recorded the Transfer in an attempt to fraudulently shield or diminish the value of assets in anticipation of filing for Chapter 7 bankruptcy.

///

///

///

## IV.  FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Intentional Fraudulent Transfer**

**[11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; California Civil Code § 3439 et. seq.]**

16. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them in this Paragraph by reference.

17. Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

18. Plaintiff is informed and believes and based thereon alleges that the Transfer was made to the Debtor's son, who is an insider of the Debtor.

19. Plaintiff is informed and believes and based thereon alleges that the Debtor retained possession or control of the Property after the Transfer.

20. Plaintiff is informed and believes and based thereon alleges that the Transfer was made for no consideration.

21. Plaintiff is informed and believes and based thereon alleges that the Debtor was insolvent or became insolvent shortly after the Transfer was made.

22. Plaintiff is informed and believes and based thereon alleges that the Transfer was made with the actual intent to hinder, delay and defraud creditors, including Plaintiff.

23. Plaintiff is informed and believes and based thereon alleges that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.07, 3439.09

24. Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer, from Defendants or from whom entity for whose benefit the Transfer was made, or any immediate or mediate transferee of such initial transferee pursuant to 11 U.S.C. §§ 550, 551.

///

///

///

## V.  SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfer**

**[11 U.S.C. § 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code § 3439 et. seq.]**

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them in this Paragraph by reference.

26. Plaintiff is informed and believes and based thereon alleges that the Transfer was made: (i) for less than reasonably equivalent value to Debtor or in any value in exchange for said Transfer, (ii) while the Debtor was engaged or about to engage in a business transaction for which the remaining assets were unreasonably small in relation to the business or the transaction, (iii) while the Debtor intended to incur, or believed or reasonably should have believed she would incur, debts beyond her ability to pay the as they became due; and/or (iv) by the time that the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer.

27. Plaintiff is informed and believes and based thereon alleges that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.05, 3439.07, 3439.09.

28. Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer, from Defendant or from whom entity for whose benefit the Transfer was made, or any additional subsequent transferee pursuant to 11 U.S.C. §§ 550, 551.

## VI.  THIRD CLAIM FOR RELIEF

**Disallowance of Claims**

**[11 U.S.C. § 502(d)]**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 and incorporates them in this Paragraph by reference.

30. Plaintiff is informed and believes and based thereon alleges that the Defendant received an avoidable transfer and Defendant is a party to which such transfer is recoverable pursuant to 11 U.S.C. §§ 550, 551.

31. Defendant has not paid the amount or turned over any such property for which the Defendant is liable pursuant to the Bankruptcy Code.

32. Pursuant to 11 U.S.C. § 502(d), to the extent Defendant files a claim, such claim should be disallowed.

## VII. FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

### [11 U.S.C. § 105]

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 and incorporates them in this Paragraph by reference.

34. Defendant received a benefit through the Transfer and Defendant's retention of the Transfer and/or the value of the Transfer results in unjust enrichment of said benefit at the Estate's expense.

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment as follows:

1. The Transfer is avoided and recovered under 11 U.S.C. § 544, 548, 550 and/or Cal. Civ. Code §§ 3439 *et seq*;

2. The Transfer is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3. That if Defendant fails or refuses to turn over the Transfer, and/or the value of the Transfer, any claim of the Defendant shall be disallowed pursuant to 11 U.S.C. § 502(d);

4. If appropriate, for an award of attorney's fees along with costs of suit incurred herein; and

5. For such other and further relief as the Court may deem proper under the circumstances of this case.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: June 5, 2024          By:     /s/ Lynda T. Bui
                                     Lynda T. Bui
                                     Melissa Davis Lowe
                                     Attorneys for John P. Pringle, Chapter 7 Trustee

# EXHIBIT 1

```
Convey number: 321263
Deed number: 22-593892
Instr. number: 22-596744
Transfer date: 12/28/2022
Sec.: 319.202. R.C.
Sec.: 322.02 R.C.
Dusty Rhodes
Hamilton County Auditor
Sales Amount: 0.00
Permissive fee: 0.00
Transfer fee: 0.50
Conveyance fee: 0.00
```

Scott Crowley
Hamilton County Recorder's Office
Doc #: 2022-0116415  Type: DE
Filed: 12/28/22 08:03:45 AM  $34.00
Off. Rec.: 14821  00135  F  2  35

b1482100135Fb

22n0382-10 (Ojose)

## General Warranty Deed

Maureen Ojose, unmarried, for valuable consideration paid, grants, with general warranty covenants, to Kessiena Kevin Ojose, his successors, heirs and assigns, whose tax mailing address is 5744 Hayter Avenue, Lakewood, CA 90712, the following real property:

See attached Exhibit "A"

Prior Instrument Reference: Official Record 14774, page 664

Maureen Ojose has executed this deed on the __12__ day of __Dec__, 2022.

_____
Maureen Ojose

State of __Ca__; County of __Los Angeles__  )ss.

No oath or affirmation was administered to the signer in regard to this acknowledgment. The foregoing instrument was acknowledged before me this __12__ day of __Dec__, 2022, by Maureen Ojose.

_____
Notary Public

NO TITLE EXAMINATION OR OTHER SERVICES PERFORMED

SHIKONDI HENDERSON
COMM. #2312913
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 18, 2023

This Instrument Was Prepared by:
Meredith A. Hughes, Esq.
Griffin Fletcher & Herndon LLP
3500 Red Bank Road
Cincinnati, Ohio 45227

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me

on this __12__ day of __Dec__, 20__22__

by __Maureen Ojose__

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature: _____

{00714683-1}

EXHIBIT 1

EXHIBIT "A"

Legal Description
For File: **22TT0337-3**
Borrower: Ojose

**All that certain lot of land lying and being in the former Village of Carthage, now a part of the City of Cincinnati, Ohio, known as Lot 8 of Schmuckers Subdivision of Lots in said Village, as per plat recorded in Plat Book 3, Page 127 of the Hamilton County, Ohio Records of Plats and described as follows:**

**Beginning at the southeast corner of said Lot 8 and the northeast corner of Lot 7 in the west line of Van Kirk Avenue, formerly known as Schmoker Street; thence Northwardly along the west line of said Avenue, 100 feet to the southeast corner of Lot 9 in said Subdivision; thence Westward along the south line of Lot 9, 139.26 feet to the east line of the C H & D RR Land; thence Southwardly along the east line of said RR Land, 113.68 feet to the northwest corner of said Lot 7; thence Eastwardly along the north line of said Lot 7, 199.32 feet to the place of beginning.**

239-0002-0018-00 ST

DESCRIPTION ACCEPTABLE
HAMILTON COUNTY ENGINEER

Tax Map - Dec 22 2022 JL

CAGIS - _____

EXHIBIT 1

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>JOHN P. PRINGLE, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Maureen Ojose | **DEFENDANTS**<br>KESSIENA KEVIN OJOSE, an individual, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>Lynda T. Bui; Melissa Davis Lowe<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: 1) AVOIDANCE AND RECOVERY INTENTIONAL FRAUDULENT TRANSFER; 2) AVOIDANCE AND RECOVERY CONSTRUCTIVE FRAUDULENT TRANSFER; 3) DISALLOWANCE OF CLAIM; AND 4) UNJUST ENRICHMENT

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint    Demand $

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Maureen Ojose | BANKRUPTCY CASE NO.<br>2:23-bk-15040-DS | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles Division | | NAME OF JUDGE<br>Honorable Deborah J. Saltzman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF<br>JOHN P. PRINGLE, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Maureen Ojose | DEFENDANT<br>ELOHOR OJOSE, an individual, KESSIENA OJOSE, an individual, ESEOGHENE OJOSE, an individual, and EJIROGHENE OJOSE, an individual | | ADVERSARY PROCEEDING NO.<br>2:23-ap-01492-DS |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | | NAME OF JUDGE<br>Deborah J. Saltzman |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Lynda T. Bui | | | |
| DATE<br>6/5/24 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lynda T. Bui | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.